of the city of New York dismissing the relator, a patrolman, from the police force of that city. The charges against the relator were, in substance, that he absented himself from his post without obtaining permission from a superior officer; failing to make entry in his memorandum book in violation of section 77 of the police regulations; that he was guilty of neglect of duty and conduct unbecoming an officer in that he failed to take proper and appropriate police action regarding the delivery of ten barrels of wine to No. 52 Mulberry street on April 3, 1920, and that he accepted $100 from the complainant as a consideration to permit the delivery of the wine and failed to make proper and accurate entries in his book of this occurrence.

*Alexander S. Drescher* for appellant.

*John P. O'Brien, Corporation Counsel (William B. Carswell* and *William R. Wilson* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEORGE R. HARDIE, Appellant, *v.* INTERNATIONAL MILK PRODUCTS COMPANY, Respondent.

*Pleading — action for breach of contract — sufficiency of separate defense.*

*Hardie* v. *International Milk Products Co.*, 201 App. Div. 67, affirmed. (Argued November 21, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 12, 1922, which reversed an order of Special Term granting a motion by plaintiff for judgment upon the pleadings and denied said motion. The action was for breach of an alleged contract by the terms of which defendant agreed to sell to plaintiff certain milk products during the continuance of a certain contract or renewals thereof entered into between defendant and the Bent Milk Food Corporation. The answer alleged as an affirmative defense that about the 1st day

of January, 1917, the Bent Milk Food Corporation sold its plant, canceled its contracts with its patrons for the purchase and receipt of milk, and discontinued operations at its plant and that its vendee refused to recognize its contract with the defendant or to deliver or permit it to receive any milk at the plant and declined to allow defendant to continue its manufacture of milk products therein.

The following questions were certified: " 1. Upon the allegations of the pleadings read in connection with the stipulation entered into between the attorneys for the parties hereto, is the defendant herein liable in damages for breach of contract?   2. Do the facts alleged in said amended answer of the defendant herein read in connection with said stipulation constitute a defense herein? 3. Do the facts alleged in said amended answer, to wit, the sale to the Hires Condensed Milk Company and the subsequent transactions as set forth therein, when read in connection with said stipulation, constitute a cause beyond the control of the defendant as intended by the contract alleged to have been violated? "

*Lawrence Russell* for appellant.

*Julian Scott* and *R. J. Kent* for respondent.

Order affirmed, with costs; second question certified answered in the affirmative, other questions not answered; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Claim of GERTRUDE I. ELDRIDGE, Appellant, *v.* ENDICOTT-JOHNSON & Co., et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — insufficiency of evidence to sustain contention that employee in tannery contracted anthrax poisoning from handling hides.*

*Eldridge* v. *Endicott, Johnson & Co.*, 202 App. Div. 767, affirmed.

(Submitted November 21, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial depart-